UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TUSCANY PACHECO,<br><br>                     Plaintiff,<br><br>        v.<br><br>CHAMPION WINDOW COMPANY OF SEATTLE SOUTH, LLC,<br><br>                     Defendant. | CASE NO. C22-0164JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court are Plaintiff Tuscany Pacheco's complaint (Compl. (Dkt. # 2-2)) and Defendant Champion Window Company of Seattle South, LLC's ("Champion") notice of removal (Notice (Dkt. # 2)). Having reviewed the complaint and the notice of removal, the court finds that Champion has failed to allege an adequate basis for subject matter jurisdiction. The court therefore orders Champion, within seven (7) days of the date of this order, to serve and file a submission that includes information sufficient to establish the court's jurisdiction.

SHOW CAUSE ORDER - 1

Champion asserts that the court's jurisdiction is based on diversity of citizenship. (Notice at 1.) For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the compliant must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the citizenship of the . . . members of those entities to establish the court's jurisdiction."). Champion alleges that Mr. Pacheco is a resident and citizen of Washington, and that Champion is a citizen of Delaware and Ohio because it is "incorporated in Delaware and maintains its principal place of business/nerve center in Cincinnati, Ohio." (Notice at 4.) Champion also alleges that it is "a wholly-owned subsidiary of Champion Retailco LLC, which is also a Delaware company with its principal place of business in Cincinnati, Ohio." (*Id.*) Yet, Champion fails to allege the citizenship of any of the members of Champion's sole member, Champion Retailco LLC. (*See generally id.*) Absent such allegations, the court cannot determine if Champion has properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

---

[1] The court notes that if any member of Champion Retailco LLC is itself a limited liability company, Champion must provide information about the citizenship of the members of those limited liability companies as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

Accordingly, the court ORDERS Champion to show cause why this case should not be remanded for lack of federal subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) ("If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" (quoting 28 U.S.C. § 1447(c))). If Champion fails to provide the court with the information described above within seven (7) days of the date of this order, the court will remand this case.

Dated this 15th day of February, 2022.

JAMES L. ROBART
United States District Judge