UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TUSCANY PACHECO,<br><br>                    Plaintiff,<br><br>        v.<br><br>CHAMPION WINDOW COMPANY<br>OF SEATTLE SOUTH, LLC,<br><br>                    Defendant. | CASE NO. C22-0164JLR<br><br>SECOND SHOW CAUSE ORDER REGARDING SUBJECT MATTER JURISDICTION |

On February 15, 2022, the court issued an order to show cause why the court should not remand this matter to state court for lack of subject matter jurisdiction. (OSC (Dkt. # 7).) The court noted that because Defendant Champion Window Company of Seattle South, LLC ("Champion") is a limited liability company ("LLC"), it must identify the citizenship of each of its members/owners to establish the court's jurisdiction. (*See id.* at 2 (first citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); and then citing Local Rules W.D. Wash. LCR 8(a)).) While Champion

SHOW CAUSE ORDER - 1

alleged in its notice of removal that it is "a wholly-owned subsidiary of Champion Retailco LLC" (*see* Notice (Dkt. # 2) at 4), it failed to allege the citizenship of any of the members/owners of Champion Retailco LLC (OSC at 2). Thus, the court ordered Champion to provide information regarding the citizenship of Champion Retailco LLC's members/owners, and if any member/owner of Champion Retailco LLC is itself an LLC, information about the citizenship of the members/owners of those LLCs as well. (*See id.* at 2-3 & n.1.)

In response to the court's show cause order, Champion informed the court that Champion Retailco LLC "is a wholly-owned subsidiary of Champion Opco, LLC" and that Champion Opco, LLC "is wholly-owned by Champion Intermediate Holdings, Inc." (Resp. to OSC (Dkt. # 9) at 1-2 (citing Stude Decl. (Dkt. # 10) ¶¶ 9-12).) Because Champion Intermediate Holdings, Inc. is a "Delaware corporation with its principal place of business in Cincinnati, Ohio," Champion alleges that it is a citizen of Delaware and Ohio for the purposes of diversity jurisdiction. (Resp. to OSC at 1-2 (citing Stude Decl. ¶¶ 13-16).) While these allegations would otherwise successfully establish the court's diversity jurisdiction, Plaintiff Tuscany Pacheco alerted the court to an inconsistency between Champion's citizenship analysis and its corporate disclosure statement. (*See* Pls. Resp. to OSC (Dkt. # 11) at 1 (citing Corp. Disclosure (Dkt. # 4)).) As Mr. Pacheco notes, Champion's corporate disclosure statement alleges that Champion Retailco LLC is owned by Great Day Improvements, LLC (*see* Corp. Disclosure), but its response to the court's show cause order alleges that Champion Retailco LLC "is a wholly-owned subsidiary of Champion Opco, LLC" (*see* Resp. to OSC at 1).

SHOW CAUSE ORDER - 2

Because Champion has not clearly established the member(s)/owner(s) of Champion Retailco LLC (*compare* Corp. Disclosure, *with* Resp. to OSC at 1), the court cannot determine whether Defendants have properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship. *See Johnson*, 437 F.3d at 899; *see also* Local Rules W.D. Wash. LCR 8(a). To be very clear: Champion must identify all of the members/owners of Champion Retailco LLC. *Johnson*, 437 F.3d at 899. It must then establish the citizenship of all of those members/owners. *Id.* If any of those members/owners are themselves LLCs, Champion must repeat this process again, over and over, as many times as is necessary to properly establish subject matter jurisdiction, and using the appropriate test for LLC citizenship at every step of the way.[1]

Accordingly, the court again ORDERS Champion to show cause why subject matter jurisdiction exists in this action. If Champion fails to provide the court with the information described above within seven (7) days of the date of this order, the court will remand this case.

Dated this 23rd day of February, 2022.

JAMES L. ROBART
United States District Judge

---

[1] At no point does LLC citizenship depend on state of incorporation, principal place of business, or any other test. Rather, it depends on the citizenship of the members/owners. *See Johnson*, 437 F.3d at 899; Local Rules W.D. Wash. LCR 8(a).